Desmond, J. (dissenting).
I concur for affirmance with the Chief Judge and Judge Dye.
All the proof before the Comptroller’s hearing officer was that the fatal heart attack was caused by unusual work effort in *271 an emergency forest fire situation. The hearing officer made a finding that it was so caused. Then, having found as a fact on undisputed evidence all the elements of an accidentally caused death, he “ determined ” that there had been no accident. The Appellate Division took action against this logical impossibility and legal absurdity by unanimously reversing the Comptroller’s determination on the law and directing him to make an award as he was obligated by law to do on the undisputed proof and on his own findings.
This is not a ease where a quasi-judicial tribunal exercised its statutory power in making its own choice between the available findings on disputed proof. No one disputes that power. But here the tribunal settled no dispute, resolved no conflict. It just simply refused to make an award in accord with the evidence and in accord with its own fact findings.
The only explanation for this extraordinary result is that the officer had made a general policy decision to refuse awards in all cardiac cases, regardless of proof or findings. Such an attitude or policy was of course not open to him. The idea that there is a difference in “ social philosophy ” between the Workmen’s Compensation Law and the Retirement and Social Security Law has never been announced by the Legislature or accepted by this court. Whatever that vague and spacious term may mean, it can hardly justify the assumption by an executive of the State of power to reject claims according to his special ad hoc views of whether the Retirement Fund should from time to time be invaded or conserved. If such power resides in the Comptroller’s deputy, the Legislature has as to this matter left without protection the more than 200,000 members of the State Retirement System.